# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL STEVEN HAYES,

    Plaintiff,

    v.                                    CASE NO. 19-3164-SAC

PLATTE COUNTY SHERIFF'S
DEPARTMENT,

    Defendant.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. On November 15, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC"), granting Plaintiff until December 6, 2019, in which to show good cause why his Complaint should not be dismissed. The Court granted Plaintiff an extension of time to January 6, 2020, to respond to the MOSC. Plaintiff has failed to respond to the MOSC by the Court's deadline.

Plaintiff alleges in his Complaint that on July 31, 1993, a warrant was issued by the county attorney for Atchison County, Kansas, and a complaint was filed against "a Fugitive From Justice" on August 11, 1993, in Platte County, Missouri. Atchison County was granted a 90-day continuance to receive a Governor's Warrant to extradite Plaintiff. On October 13, 1993, Atchison County demanded Plaintiff as a juvenile, and P.D. Keith Ludwig stated that Plaintiff is a resident of Missouri and a legal adult who is fighting extradition to Kansas so a governor's warrant is required for transportation across state lines, and even if he was demanded as a juvenile, they would need his parent's written consent to take a juvenile from state to state. On

1

October 28, 1993, Atchison County held a hearing to certify Plaintiff as an adult and he was transported from state to state without a governor's warrant or his parent's consent. Plaintiff alleges that the Platte County Sheriff's Department violated his rights by allowing Atchison County to transport Plaintiff. Plaintiff names the Platte County Sheriff's Department as the sole defendant and seeks one million dollars in damages.

The Court found in the MOSC that Plaintiff raised this same claim in Case No. 18-3230. In that case, the Court found that Plaintiff's claims were barred by the statute of limitations. The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). The same two-year statute of limitations governs actions under 42 U.S.C. § 1985. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by

an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on August 27, 2019. Plaintiff's alleged violations occurred in July to October 1993. It thus appears that any events or acts of Defendant taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.

The Court also found in the MOSC that Plaintiff failed to name an individual defendant and names the Platte County Sheriff's Department as the sole defendant. To impose § 1983 liability on the county and its officials for acts taken by its employee, plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978)). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff has pointed to no policy or deficiency in the training program used by the

Sheriff's Department and no causal link between any such inadequacy and the allegedly unconstitutional acts of staff.

Furthermore, the Platte County Sheriff's Department is located in Platte County, Missouri. Under 28 U.S.C. § 1391(b):

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . .

28 U.S.C. § 1391(b)(1)–(2). Accordingly, even if Plaintiff's action is not barred by the statute of limitations, venue would be proper in Missouri under 28 U.S.C. § 1391(b).

The Court also found that Plaintiff's request for monetary damages may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has failed to show that his conviction and sentence were invalidated.

The Court also found that to the extent Plaintiff seeks release from imprisonment, such a challenge must be brought in a habeas action. "[A] § 1983 action is a proper remedy for a state

4

prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck,* 512 U.S. at 482; *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, any claim seeking release from imprisonment is not cognizable in a § 1983 action.

Plaintiff has failed to respond to the Court's MOSC by the deadline and has failed to show good cause why his Complaint (Doc. 1) should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 8, 2020, in Topeka, Kansas.**

        **s/ Sam A. Crow**
        **SAM A. CROW**
        **Senior U. S. District Judge**